## Case No. 11,729.

REYNOLDS v. CORDERY.

[4 McLean, 159.] 1

Circuit Court, D. Ohio. July Term, 1846.

EJECTMENT— OCCUPYING CLAIMANT LAW — VALUE OF IMPROVEMENTS — TITLE.

An individual acting under an informal power, sells lands in his own name, having no claim to the same. His contract will not enable the purchaser to claim compensation for his improvements under the occupying claimant law. He cannot be said to claim the title, or hold the same, "from and under any person who can show a plain and connected title in law or equity," etc.

At law.

Mr. Stanbery, for plaintiff.
Mr. Goddard, for defendant.

OPINION OF THE COURT. A verdict was found for the lessor of the plaintiff; and judgment being entered upon it, an application was made in behalf of the defendant, for the benefit of the occupying claimant law. The title under which the defendant entered, originated as follows: A letter of John Reynolds, dated 12th of May, 1843, to James Patrick, Esq., of New Philadelphia, Ohio, introducing his son, Lieut. William Reynolds, of the navy, "who visits Ohio for the purpose of viewing the land of his mother, Lydia Morse Reynolds; and, should he think proper to enter into any engagements for the sale of said lands, or any part of them, such engagements will be satisfied and carried into effect by his mother and myself." The said William Reynolds entered into a contract for the sale of two tracts of land, of one hundred acres each; and he agreed with Nathan Cordery that he would cause a deed to be made. One hundred dollars of the consideration money were paid; the deed was to be executed shortly after the payment. No further payments were made, nor was the deed executed. But Reynolds and wife conveyed the land to an-

1 [Reported by Hon. William Cranch, Chief Judge.]

1 [Reported by Hon. John McLean, Circuit Justice.]

other son, and he to the lessor of the plaintiff [Samuel M. Reynolds] who brought the ejectment.

The occupying claimant law provides (Ohio St. 1841, p. 605, § 1) that where the tenant can show a plain and connected title, in law or equity, derived from the records of some public office, or being in quiet possession of and holding the same, by deed, devise, descent, contract, bond or agreement, from and under any person claiming title as aforesaid, derived from the records of some public office, etc., under rules on execution, taxes, etc., he shall not be evicted until he shall be fully paid the value of all lasting and valuable improvements made on said land, etc. The vendor, William Reynolds, did not sell as agent, as appears from the face of the contract, but in his own right. It appears, therefore, that the title of the defendant does not come within the provisions of the statute. The motion, therefore, to institute a proceeding under the statute, is overruled.